IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                  Plaintiff,

v.

ROJAE A. CROSSE,

                  Defendant.

FINAL HEARING ORDER

19-cr-118-jdp

---

This case is scheduled for a court trial on Thursday, July 16, 2020, at 9:00 a.m. A final hearing was held via video conference before District Judge James D. Peterson. The government appeared by Timothy O'Shea and Elizabeth Altman. Rojae Crosse appeared on his own behalf and by counsel, Peter Moyers.

Most of the hearing was devoted to discussing the motions in limine that remain in dispute. The parties agreed to a court trial after they filed their motions in limine, so many of those motions are now moot. This includes Crosse's motions for attorney-conducted voir dire and for a reasonable doubt jury instruction, Dkt. 35, at 9–17, and the government's motions to preclude Crosse from attempting to define reasonable doubt, Dkt, 31, to exclude evidence or argument about penalties, Dkt. 32, and to exclude evidence of improper motive, Dkt. 33. Those motions are DENIED as moot. The government's motion for disclosure of an alibi, Dkt. 28, is also DENIED as moot because Crosse isn't offering an alibi witness.

First, we discussed Crosse's motion for a written summary of Anthony Rotunno's testimony. Dkt. 35, at 3–8. That motion is DENIED as moot because Rotunno is no longer testifying and Crosse doesn't have any objections to the summary provided by Michael Aalto.

Second, we discussed Crosse's motion to identify portions of the videos that government intends to use. Dkt. 35, at 8–9. That motion is also DENIED as moot. The government has identified an approximately two-minute portion of video that it will offer into evidence. Before trial, I will review the full 27-minute video, but Crosse is free to play any portion of the video at trial.

Third, we discussed Crosse's motion to exclude the government's recently disclosed evidence which consists of more than 2,000 pages of documents and 18 hours of audio recording. Dkt. 41. I am persuaded that the late disclosure is not the fault of the government, which turned it over promptly once it was obtained. And, as discussed, any prejudice to Crosse is limited because the government has already disavowed any reliance on most of the documents. Neither side has suggested that any of the new information is exculpatory. So the motion is DENIED. To further minimize any prejudice to Crosse, the government is directed to provide Bates numbers and time stamps for all portions of the disclosure that it may use at trial for any purpose. The government may have until 5:00 p.m. on July 10, 2020, to provide that information. Crosse may have until the same time to object to the admissibility of the court records included in the disclosure.

Entered July 10, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge